UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT OXMAN,

Plaintiff,

v.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

Defendant.

CASE NO. 2:26-cv-01187-LK

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

This matter comes before the Court on Defendant Allstate Vehicle and Property Insurance Company's Motion for Partial Summary Judgment, Dkt. No. 19, and Plaintiff Scott Oxman's Motion for Leave to File First Amended and Supplemental Complaint, Dkt. No. 22. Allstate moves for summary judgment on Oxman's Insurance Fair Conduct Act claim, Dkt. No. 19 at 1–2, and Oxman seeks to "update[] the operative pleading to accurately allege events occurring after the original Complaint was filed," including "[his] subsequent service of an Insurance Fair Conduct Act ('IFCA') notice on both Defendant Allstate . . . and the Washington Office of the Insurance Commissioner ('OIC')[.]" Dkt. No. 22 at 1. For the reasons set forth below, the Court grants

Allstate's motion for partial summary judgment on Oxman's IFCA claim, Dkt. No. 19, and denies Oxman's motion for leave to file an amended complaint, Dkt. No. 22.

## I. BACKGROUND

Oxman, "as personal representative and executor of the Estate of Monte Levine," initiated this action in the Superior Court of Washington for King County on February 27, 2026. Dkt. No. 1-1 at 1. Oxman alleges that Allstate failed to pay certain benefits under a homeowners insurance policy after a fire damaged a house owned by the Estate of Monte Levine in January 2024. *Id.* at 3–4. Oxman asserts claims against Allstate for declaratory judgment, breach of contract, bad faith, negligent claims handling, violation of the Washington Consumer Protection Act, injunctive relief, and violation of the Washington Insurance Fair Conduct Act. *Id.* at 4–9.

Allstate timely removed this case on April 8, 2026 based on diversity jurisdiction. Dkt. No. 1 at 2–5. Allstate filed a motion for partial summary judgment on Oxman's IFCA claim on July 24, 2026. Dkt. No. 19. Oxman filed a motion for leave to file an amended complaint on August 14, 2026. Dkt. No. 2.

## II. DISCUSSION

### A. Allstate's Motion for Partial Summary Judgment

1. Legal Standard

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court does not make credibility determinations or weigh the evidence at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The sole inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. And to the extent that the Court resolves factual issues in favor of the nonmoving party, this is true "only in the sense that, where

the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

To establish that a fact cannot be genuinely disputed, the movant can either cite the record or show "that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). Once the movant has made such a showing, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation modified).

2. <u>The Court Grants the Motion for Partial Summary Judgment</u>

IFCA provides that "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs." Wash. Rev. Code § 48.30.015(1). Importantly, the statute also requires that "[t]wenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner." *Id.* § 48.30.015(8)(a). Then, "if the insurer fails to resolve the basis for the action within the twenty-day period . . . , the [ ] claimant may bring the action without any further notice." *Id.* § 48.30.015(8)(b).

Allstate moves for summary judgment on Oxman's IFCA claim because he "failed to provide any pre-suit notice to Allstate as required" by Section 48.30.015(8)(a) of the Revised Code of Washington. Dkt. No. 19 at 1. It is undisputed that Oxman mailed the IFCA notice to only the OIC, not Allstate, on January 23, 2026. Dkt. No. 26 at 2; Dkt. No. 27 at 2. Oxman avers that, after he filed the complaint in the Superior Court of Washington for King County on February 27, 2026, his counsel learned of a similar IFCA notice issue in a separate litigation involving Allstate around

March 24, 2026. Dkt. No. 24 at 1; Dkt. No. 23 at 4. After that issue was identified, Oxman's counsel prepared and mailed a new IFCA notice to both Allstate and OIC on April 10, 2026. Dkt. No. 20-3 at 2; Dkt. No. 24 at 2. Oxman moves to amend the complaint to allege that he mailed Allstate the notice on April 10, 2026, and that Allstate "did not resolve the basis of [his] IFCA claim during the statutory notice period following the April 10, 2026 notice." Dkt. No. 22-2 at 9.

Courts construe IFCA's pre-suit notice provision as a mandatory condition precedent to an IFCA lawsuit. *See, e.g.*, *MKB Constructors v. Am. Zurich Ins. Co.*, 49 F. Supp. 3d 814, 840 (W.D. Wash. 2014); (dismissing IFCA claim with prejudice at summary judgment for failure to comply with the statutory notice requirement); *Becker v. TIG Ins. Co.*, 649 F. Supp. 3d 1065, 1083 (W.D. Wash. 2022) (same); *Madera W. Condo. Ass'n v. First Specialty Ins. Corp.*, No. C12-0857-JCC, 2013 WL 4015649, at *4 (W.D. Wash. Aug. 6, 2013) (same); *Scottsdale Ins. Co. v. LFH Care LLC*, No. C20-1026-JCC-MLP, 2021 WL 2458610, at *2 (W.D. Wash. Apr. 13, 2021) (recommending dismissal of IFCA counterclaim where defendants did not comply with pre-suit IFCA notice; the parties subsequently settled).

Oxman argues that he may "cure [his] defective IFCA notice by providing such service and then amending [his] complaint[.]" Dkt. No. 23 at 2. The "lengthy line of cases for the proposition that an IFCA claim cannot proceed while its statutory condition precedent remains unsatisfied" do not apply here, according to Oxman, because "[i]n each of these opinions, the policyholders had not sought to amend the complaint or otherwise cure the defective service." *Id.* at 12. Oxman claims that he "subsequently strictly complied" with the notice requirement because "[o]n April 10, written notice was mailed to both statutory recipients." *Id.* at 11. Oxman relies on *Barrajas v. Travelers Home & Marine Ins. Co.*, No. 2:16-CV-0432-TOR, 2017 WL 3634076 (E.D. Wash. Mar. 1, 2017), where the court dismissed a plaintiff's IFCA claim without prejudice for

failure to provide the statutorily required notice and granted the plaintiff leave to amend the complaint. Dkt. No. 23 at 7–8.

Allstate responds that Oxman "cannot strictly comply with a pre-suit notice requirement *after* filing the lawsuit." Dkt. No. 27 at 5. Allstate further argues that Oxman could have, but did not, fix the deficiency before Allstate appeared in the case. *Id.* at 6. Allstate contends that *Barrajas* is not instructive here because that case involved a motion to dismiss and no action had been taken in the case. *Id.* at 7.

Oxman does not dispute that he failed to give the required statutory notice to Allstate before filing the complaint containing an IFCA claim. *See* Dkt. No. 22 at 2. Even assuming without deciding that plaintiffs can amend their complaint to add an IFCA claim after filing the "action,"[1] Wash. Rev. Code § 48.30.015(8)(a), this case *already included* an IFCA claim at its inception, and therefore "does not fall within the set of cases in which a plaintiff may, with proper notice, amend to add a never-asserted IFCA claim." *Madera W. Condo. Ass'n*, 2013 WL 12073477, at *2 ("Given this Court's conclusion that Plaintiff pleaded an IFCA claim (albeit poorly) in its initial complaint, leave to amend would be futile, because Plaintiff failed to give the required statutory notice before filing that complaint.").[2] Stated differently, Oxman does not seek leave to amend his complaint to *add* an IFCA claim; he seeks leave only to nonsensically state that he complied with the 20-day *pre-filing* requirement long after the IFCA claim was filed. This belated notice to Allstate does not amount to compliance—substantial or otherwise—with the statutory requirement. Only after "the insurer fails to resolve the basis for the action within the twenty-day period" may the claimant "bring the action without any further notice." Wash. Rev. Code § 48.30.015(8)(b). Allstate had no

---

[1] *See Dembiczak v. Fashion Nova, LLC*, No. 2:23-CV-00408-LK, 2024 WL 580701, at *8 (W.D. Wash. Feb. 13, 2024) (discussing meaning of "action"), *appeal dismissed*, No. 24-1032, 2026 WL 2455331 (9th Cir. July 13, 2026).

[2] To the extent that *Barrajas* held otherwise (the decision does not contain analysis of this issue), it is not binding on this Court, and this Court respectfully disagrees with that holding.

notice of Oxman's IFCA claim before he filed this action, and therefore no window in which to even attempt to "resolve the basis for the action" prior to the lawsuit. *Id.*; *see Norgal Seattle P'ship v. Nat'l Sur. Corp.*, No. C11-0720RSL, 2012 WL 1377762, at *4 (W.D. Wash. Apr. 19, 2012) ("Given the purpose of the notice requirement—to allow the insurer to correct violations before suit is filed—the 'failure to comply with a statutorily set time limitation cannot be considered substantial compliance' with the statute." (quoting *City of Seattle v. Pub. Employment Relations Comm'n,* 809 P.2d 1377 (Wash. 1991))).

Because Oxman failed to mail the statutorily required IFCA notice 20 days prior to filing his complaint, his IFCA claim is dismissed with prejudice.

### B. Oxman's Motion for Leave to File an Amended Complaint

Oxman is not entitled to pursue an IFCA claim because he did not comply with IFCA's "mandatory and unambiguous" statutory requirement. *Hiller v. Allstate Prop. & Cas. Ins. Co.*, No. 11-CV-0291-TOR, 2012 WL 2325603, at *9 (E.D. Wash. June 19, 2012). Accordingly, Oxman's proposed amendment is futile, and his motion for leave to file an amended complaint is denied. *See Madera W. Condo Ass'n*, 2013 WL 12073477, at *2 (denying leave to amend complaint after plaintiff failed to give the statutorily required IFCA notice before filing the complaint).

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment, Dkt. No. 19, is GRANTED and Plaintiffs' motion for leave to file an amended complaint, Dkt. No. 22, is DENIED.

Dated this 30th day of October, 2026.

Lauren King
United States District Judge